UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OLIVE SHADE LLC., <br><br> Plaintiff, <br><br> v. <br><br> IMPINJ, INC., <br><br> Defendant. | Cause No. 18-cv-808 <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

Plaintiffs Olive Shade LLC., ("Olive Shade") complains of Defendant Impinj, Inc., ("Impinj") as follows:

**NATURE OF LAWSUIT**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent defendant Impinj, Inc., ("Defendant" or "Impinj"), from infringing and profiting from, in an illegal and unauthorized manner and without authorization and/or of the consent from Olive Shade, United States Patent No. 6,861,954 (the "'954 Patent") (the "Patent-In-Suit") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff Olive Shade is a corporation organized under the laws of Texas having a mailing address at 15922 Eldorado Pkwy., Suite 500-1501, Frisco, TX 75035.

COMPLAINT - 1

3. On information and belief, Defendant is a corporation organized under the laws of Washington with its principal place of business at 400 Fairview Ave. N, Suite 1200 Seattle, WA 98109. Upon information and belief, Defendant may be served with process at 300 Deschutes Way SW, STE 304, Tumwater, WA, 98501.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including residing in Washington, as well as because of the injury to Olive Shade, and the cause of action Olive Shade has risen, as alleged herein.

6. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Washington Long-Arm Statute, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Washington.

7. Venue lies in this District under 28 U.S.C. § 1400(b) because, among other reasons Defendant resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District. For example, Defendant is incorporated and resides in Washington, which is where this District is located.

## THE PATENT IN SUIT

8. On March 1, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '954 Patent, entitled "Tracking medical products with integrated circuits" after a full and fair examination.

9. Olive Shade is presently the owner of the patent and possesses all right, title and interest in and to the '954 Patent. Olive Shade owns all rights of recovery under the '954

Patent, including the exclusive right to recover for past infringement. The '954 Patent is valid and enforceable. A copy of the '954 Patent is attached hereto as **Exhibit A.**

10. The '954 Patent contains four independent claims and twenty-three dependent claims.

11. The '954 Patent discloses, *inter alia*, a system and method for tracking and associating a group of medical products with a group location based on a group radio frequency identification device signal.

## DESCRIPTION OF THE ACCUSED INSTRUMENTALITIES

12. Defendant uses products, such as the Impinj Platform (hereinafter "Accused Product"), which "automates the tasks of tracking, locating, and managing medical equipment" using RAIN RFID technology.[1] The Accused Product performs the step of tracking medical products comprising: associating a group of medical products with a group location (e.g., associating multiple medical assets to a location, such as a hospital wing) based on a group radio frequency identification (RFID) device signal, the group including a first unit and a second unit (e.g., at least a first medical asset and second medical asset associated with the location.)[2]



---

[1] https://www.impinj.com/solutions/healthcare/asset-management/, last visited May 15, 2018.
[2] *Id*

13. Furthermore, as shown in the image below, the accused product uses an RFID device signal to communicate with the medical assets in the location and identifies them as being located in that location.[3] Therefore, the association of the group of medical products with the group location is based on a group RFID device signal.



14. The Accused Product performs the step of associating the first unit with a first remote location (e.g., when the first medical asset is moved to a first room it is associated with that location) based on a first unit RFID device signal (e.g., an RFID tag associated with the first medical asset that emits a radio signal).[4]

> The Impinj platform automates the tasks of tracking, locating, and managing medical equipment. RAIN RFID is an inexpensive, battery-free technology that wirelessly connects information about an item's identity, location, and authenticity to the hospital's enterprise systems. Assets are tracked as they move in or out of service rooms and through the facility. This allows staff to see their location in real-time and gain visibility into equipment status to help plan resource use.

---

[3] Id.
[4] Id.

COMPLAINT - 4

15. The Accused Product performs the step of associating the second unit with a second remote location (e.g., a when the second medical asset is moved to a second room it is associated with that location) based on a second unit RFID device signal (e.g., an RFID tag associated with the second medical asset that emits a radio signal), the signals uniquely identifying the units and the group (e.g., the emitted signals uniquely identify all medical assets in the location, including the first unit in the first remote location and the second unit in the second remote location).[5]



16. The Accused Product includes the elements described in paragraphs 12-15 which are covered by at least claim 18 of the '954 patent.

## COUNT I
## (INFRINGEMENT OF THE '954 PATENT)

17. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-16.

---

[5] *Id*.

18. Defendant has directly infringed and continues to directly infringe at least claim 18 of the '954 patent. In particular, Defendant uses (at least during internal testing) the Accused Product, as described above, without authority in the United States, and will continue to do so unless prevented by this Court. As a direct and proximate result of Defendant's direct infringement of the '954 patent, Plaintiff has been and continues to be damaged.

19. Defendant has had knowledge of its infringement of the '954 Patent at least as of the service of the present complaint.

20. By engaging in the conduct described herein, Defendant has injured Olive Shade and is thus liable for infringement of the '954 Patent, pursuant to 35 U.S.C. § 271.

21. Defendant has committed these acts of infringement without license or authorization.

22. To the extent that facts learned in discovery show that Defendant's infringement of the '954 Patent is or has been willful, Olive Shade reserves the right to request such a finding at the time of trial.

23. As a result of Defendant's infringement of the '954 Patent, Olive Shade has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

24. Olive Shade will continue to suffer harm and damages in the future unless Defendant's infringing activities are prevented by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Olive Shade asks this Court to enter judgment against Defendant Impinj, Inc., and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it granting the following relief:

A. That Defendant be adjudged to have infringed the Patent-In-Suit;

B. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained from directly infringing the Patent-In-Suit;

C. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Olive Shade for Defendant's past infringement and any continuing and/or future infringement up until the date that Defendant is finally restrained from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interests and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284; and

E. That Olive Shade be given such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Olive Shade demands a trial by jury on all issues presented in this Complaint.

Dated this 4th day of June, 2018.

Respectfully submitted,

_____
Philip P. Mann, WSBA No: 28860
MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
(206) 436-0900
Fax (866) 341-5140
phil@mannlawgroup.com

Eugenio J. Torres-Oyola
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917

| | |
|---|---|
| 1 | Telephone: (787) 766-7000 |
| 2 | Facsimile: (787) 766-7001 |
|   | Email: etorres@ferraiuoli.com |
| 3 | *Of Counsel* |
| 4 | Jean G. Vidal Font |
| 5 | USDC No. 227811 |
|   | Ferraiuoli LLC |
| 6 | 221 Plaza, 5th Floor |
|   | 221 Ponce de León Avenue |
| 7 | San Juan, PR 00917 |
|   | Telephone: (787) 766-7000 |
| 8 | Facsimile: (787) 766-7001 |
|   | Email: jvidal@ferraiuoli.com |
| 9 | *Of Counsel* |
| 10 | Attorneys for Plaintiff Olive Shade LLC. |

COMPLAINT - 8

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA 98101 TELEPHONE:
206-436-0900